IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICKY DEAN'S INC.** **d/b/a THE SANDBAR, et al.,**         **Plaintiffs,** v. **THOMAS MARCELLINO, M.D., et al.,**         **Defendants.** | Case No. 20-4063-DDC-ADM |

### NOTICE CONCERNING POTENTIAL JUDICIAL DISQUALIFICATION

Under 28 U.S.C. § 455(a) and Canons 3(C)(1) and 3(D) of the Code of Conduct for United States Judges, when a judge is otherwise disqualified in a proceeding because the judge's "impartiality might reasonably be questioned," the judge may participate in the proceeding if all the parties and their counsel, after notice of the basis for the potential disqualification, agree that disqualification is not required (or agree to waive disqualification) under a procedure independent of the judge's participation. Unless all parties and their counsel indicate (by inaction) their intent to waive the potential disqualification, United States District Judge Daniel D. Crabtree may be disqualified in this case because of the circumstances set out in the Order Regarding Potential for Judicial Disqualification (Doc. 10) issued contemporaneously with this notice.

If the parties and their counsel wish to waive Judge Crabtree's potential disqualification, they need not respond to this notice or do anything else. That is, the Clerk of the Court simply will conclude from the absence of a timely response that the unresponding party and counsel intended to waive potential disqualification. Where no timely response is received by the Clerk's office, Judge Crabtree will continue to act as the District Judge assigned to this case.

Conversely, if any party or their counsel concludes that disqualification is warranted and does not wish to waive the potential disqualification, it must submit a letter to that effect, concisely stating the factual basis for disqualification.  Any such letter must be received by the Clerk of the Court on or before October 24, 2020.  (Any party who first appears in this action after this notice is entered must submit such a letter within five days of its appearance in the case.)  The letter should *not* be filed by CM/ECF or otherwise sent to Judge Crabtree, and no copies of any letter should be provided to other counsel.  Any such letter declining to waive disqualification will be kept under seal by the Clerk and not shown to Judge Crabtree, nor will he be informed of the identity of any party or attorney who declined to waive potential disqualification.  If any party or attorney submits a letter indicating a desire not to waive the potential disqualification, the matter will be submitted to Chief Judge Julie A. Robinson.  The Chief Judge will determine whether the factual basis asserted in support of disqualification warrants random reassignment of this case to another United States District Judge.

This Notice Concerning Waiver of Potential Judicial Disqualification shall be served by the Clerk on all parties who have entered an appearance in this case.

**Dated this 19th day of October, 2020, at Kansas City, Kansas.**

**s/ Timothy M. O'Brien**
**Timothy M. O'Brien**
**Clerk of the Court**
