IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY DEAN'S INC.
d/b/a THE SANDBAR, et al.,

      Plaintiffs,

v.

THOMAS MARCELLINO, M.D., et al.,

      Defendants.

Case No. 20-4063-DDC-ADM

## ORDER REGARDING POTENTIAL FOR JUDICIAL DISQUALIFICATION

Under 28 U.S.C. § 455(a) and Canon 3(C)(1) and 3(D) of the Code of Conduct for United States Judges, the parties and their attorneys of record are hereby informed of a potential basis for disqualification of the undersigned United States District Judge from further acting in this case. These provisions require a judge to disqualify himself "in a proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

When the Clerk randomly reassigned this case to me following Judge Crow's recusal, I reviewed the Verified Complaint (Doc. 1) and its attachment. Based on those materials and the issues they identify, I have concluded under the governing ethical standards that these circumstances do *not* constitute a situation where my impartiality reasonably could be questioned. I thus conclude that judicial disqualification under these provisions is not required. But, I am equally mindful that litigants and counsel of record often know things about a lawsuit that the assigned judge may not yet know—or never may know. Hoping to exercise all deliberate caution, and ensure that all parties and counsel have received notice of all pertinent circumstances, I have decided to issue this order. It informs the parties of information about my spouse's employment and directs the parties, should they reach a different conclusion than I have

reached, to present the issue promptly to Chief Judge Julie A. Robinson under the procedures described in the contemporaneously issued Notice Concerning Potential Judicial Disqualification (Doc. 9).  Then, the Chief Judge will review the submission.

Specifically, since 2013, my spouse has worked in the Office of the Mayor/CEO of the Unified Government of Wyandotte County/Kansas City, Kansas.  Throughout this employment, she has served as Chief of Staff to the Mayor.  I am aware that Wyandotte County has a Local Health Officer and in response to COVID-19 virus, he has issued a variety of Orders.  They are available for review at [www.wycokck.org/health](www.wycokck.org/health).  I have reviewed those Orders and it appears that they do not function in the same fashion as the allegations about the Lawrence-Douglas County Orders at issue here.  My wife does not report to Wyandotte County's Local Health Officer and, as I understand it, he does not report to the Mayor.

**IT IS SO ORDERED.**

**Dated this 19th day of October, 2020, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**